**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4632

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAYRON JEROME GRIFFIN, a/k/a Taye,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:25-cr-00050-1)

Submitted:  July 16, 2026                          Decided:  July 20, 2026

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Emily L. Szopinski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Courtney L. Finney, Assistant United States Attorney, Huntington, West Virginia, Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tayron Jerome Griffin pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).   The district court sentenced Griffin to 120 months' imprisonment—the statutory mandatory minimum.  On appeal, Griffin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Griffin's sentence is procedurally and substantively reasonable.  Griffin was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal pursuant to the appellate waiver in Griffin's plea agreement.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Griffin knowingly and intelligently waived his right to appeal his sentence on any ground so long as the district court applied an

2

adjusted offense level of 32 in calculating Griffin's advisory Sentencing Guidelines range, which it did, and excepting from the waiver only an ineffective assistance of counsel claim. We also conclude that the sentencing issues counsel pursues in the *Anders* brief fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver or not waivable by law. *See Hunter v. United States*, __ S. Ct. __, __, No. 24-1063, 2026 WL 1751815, at *8 (U.S. June 18, 2026) (holding that "an appeal waiver is unenforceable when it would result in a miscarriage of justice" and that "[t]he waiver may be set aside only if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute"). We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and otherwise affirm.

This court requires that counsel inform Griffin, in writing, of the right to petition the Supreme Court of the United States for further review. If Griffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Griffin.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*DISMISSED IN PART*